FILED
August 26, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JW _____
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TITO E. MARRERO | § | |
| | § | |
| v. | § | NO. 3:25-CV-00052-KC |
| | § | |
| ALEJANDRO MAYORKAS, ET AL. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Tito E. Marrero seeks leave to proceed *in forma pauperis* in this *pro se* civil action. For the reasons stated, the Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss the case without prejudice, unless he pays the $405 fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

**1.     Background**

Plaintiff filed this lawsuit *pro se* in the Northern District of Texas.[1] The case was transferred *sua sponte* to the Western District of Texas in El Paso based on review of the complaint and the application of the venue statute.[2] Plaintiff filed a motion for leave to proceed *in forma pauperis* without providing financial information and stating that he has already paid the filing fee.[3] Plaintiff incorrectly believes he paid the fee in this case because he previously paid the $405 filing fee in a similar case that was dismissed without prejudice in the same district.[4]

---

[1] ECF No. 3, at 1.
[2] ECF No. 5, at 2-3.
[3] ECF No. 4, at 1-5.
[4] *See Marrero v. Department of Homeland Security, et. al*, 3:24-CV-00379-LS (W.D. Tex.).

## 2. Legal Standards and Analysis

A federal district court may authorize a person to bring a civil action *in forma pauperis* (IFP) without the payment of the statutory filing costs when the person submits an affidavit establishing, he or she is unable to pay any part of such fees.[5] The statute is intended to allow access to federal court for plaintiffs who lack financial resources to pay any part of the filing costs.[6] The Court must examine the financial condition of the applicant to determine whether the fees would "cause undue financial hardship".[7] "This entails a review of other demands on individual plaintiff's financial resources, including whether the expenses are discretionary or mandatory."[8]

Plaintiff filed a financial affidavit void of any information regarding his assets, income sources, demands on his financial resources, or any information that would explain why he cannot pay the costs of the proceeding.[9] Instead, the affidavit states the following: "Not Paying Twice for Nothing" and "See Payment Made".[10] As stated above, Plaintiff paid the fee in a prior case that was dismissed without prejudice earlier this year because of his failure to effect service on defendants.[11] He has not paid the fee in this case requiring consideration of the IFP motion.

The Court takes judicial notice that in 2024 Plaintiff paid the filing fee on five civil cases.[12] In two of those cases, Plaintiff was required to pay the filing fee because his IFP motions were

---

[5] 28 U.S.C. §1915(a)(1).
[6] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).
[7] *Id.*
[8] *Id.*
[9] ECF No. 4, at 1-5.
[10] *Id.*
[11] See *Marrero v. Department of Homeland Security, et. al*, 3:24-CV-00379-LS (W.D. Tex.) ECF No. 22.
[12] See *Marrero v. Bank of Am.*, No. 1:24-cv-0017(S.D. Ind.); *Marrero v. Dallas Mayors Off.,* No. 3:24-cv-00288-E-BK (N.D. Tex); *Marrero v. Johnson*, 3:24-cv-02010-N-BK (N.D. Tex.); *Marrero v. Farmers Branch Prosecutors*, No. 3:24-cv-2166-K-BT (N.D. Tex); *Marrero v. Department of Homeland Security, et. al*, 3:24-CV-00379-LS (W.D. Tex.).

denied.[13] After review of Plaintiff's pension and social security benefits, checking account balances, and expenses, both Courts found that he had ample funds and failed to show that he would suffer undue hardship after payment of the $405 filing fee.[14] Based on the information known, the Court should find that Plaintiff has failed to show that payment of the filing fee would cause him to suffer undue financial hardship, and deny his motion to proceed *in forma pauperis*.

3. Recommendation

I recommend that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) be DENIED and the case be dismissed without prejudice unless Plaintiff pays the $405 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

SIGNED and ENTERED on August 26, 2025.

_____
LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO APPEAL/OBJECT**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[13] *See Marrero v. Farmers Branch Prosecutors*, No. 3:24-cv-2166-K-BT (N.D. Tex); *Marrero v. Department of Homeland Security, et. al*, 3:24-CV-00379-LS (W.D. Tex.) (styled *Marrero v. Department of Homeland Security, et. al*, 3:24-CV-2080-E-BK (N.D. Tex.) prior to the transfer of venue).
[14] *Id.*